UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 12-00846-CJC(Ex)					Date:  June 13, 2012

Title: <u>SUSAN NAUDIN V. EMCOR GOVERNMENT SERVICES, INC.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>					<u>    N/A    </u>
Deputy Clerk					Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present					None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**I. Introduction & Background**

On May 7, 2012, Plaintiff Susan Naudin filed suit against her former employer and Defendant Emcor Government Services, Inc. ("Emcor") in Orange County Superior Court arising from her purported wrongful termination from Emcor based on her physical disability incurred while working for Emcor.  Ms. Naudin asserts four state claims against Emcor under the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12900 *et seq.*, and wrongful adverse employment action in violation of public policy.  Ms. Naudin requests, *inter alia*, general, incidental, and consequential damages "in an amount exceeding the jurisdictional limits of this court." (Compl., Prayer.)  Emcor removed the action to this Court on May 25, 2012 based on diversity jurisdiction.  (Dkt. No. 1.)  For the reasons provided below, the Court, on its own motion, **REMANDS** this case to state court.

**II. Discussion**

**A.  Legal Standard**

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court.  28 U.S.C. § 1441(a).  "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."  *Sullivan v. First Affiliated Sec., Inc.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00846-CJC(Ex)            Date: June 13, 2012
                                                                            Page 2

813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.,* 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). Removal jurisdiction must be determined from the "four corners" of the complaint as it existed at the time of removal. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

### B. Federal Question Jurisdiction

A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, all of Ms. Naudin's claims arise under state law. Emcor also does not assert removal based on federal question jurisdiction. Therefore, the Court lacks federal question jurisdiction over this case.

### C. Diversity Jurisdiction

A district court has original "diversity" subject matter jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1).

The district court has jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a state different than each defendant. *See id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch. 267) (1806)). Here, complete diversity is satisfied because Ms. Naudin alleges that she is a citizen of California and Emcor is a Maryland corporation with its principal place of business in Arlington, Virginia. (Compl. ¶ 2; *see also* Not. of Removal ¶ 5.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-00846-CJC(Ex)                          Date: June 13, 2012
                                                                                                 Page 3

---

       Ms. Naudin's Complaint does not allege a specific amount in controversy, but only requests damages "in an amount exceeding the jurisdictional limits of this court." The jurisdictional amount for unlimited civil actions in state court is above $25,000. *See* Cal. Civ. Proc. §§ 85, 88. Where, as here, the state court complaint is unclear as to whether the requisite amount of controversy is pled, defendant bears the burden of establishing by a "preponderance of the evidence" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).[1] To meet this standard, the defendant needs to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The district court considers facts presented in the defendant's removal petition as well as summary judgment-type of evidence relevant to the amount of controversy at the time of removal, but conclusory allegations regarding the amount in controversy are insufficient. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam). In its Notice of Removal, Emcor only states in conclusory terms that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," without any supporting evidence or citation to the Complaint. Emcor has not satisfied its burden of showing that the jurisdiction amount exceeds $75,000. Accordingly, the Court lacks diversity jurisdiction over this matter.

## III. Conclusion

       For the foregoing reasons, the Court, on its own motion, **REMANDS** this case to Orange County Superior Court for lack of subject matter jurisdiction. In light of the Court's ruling, the hearing on Ms. Naudin's motion to remand, set for July 9, 2012, is hereby vacated and off calendar.

jwp

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk MU

---

[1] In contrast, where the state court complaint alleges on its face an amount in controversy that meets the jurisdictional threshold, removing defendant must show to a "legal certainty" that the plaintiff actually cannot recover that amount. *Guglielmino*, 506 F.3d at 699.